1

2

3

4

5

6

7                    UNITED STATES DISTRICT COURT

8                    EASTERN DISTRICT OF CALIFORNIA

9

10   JAMES CARL KELLY,                      Case No. 1:25-cv-00154-JLT-EPG (PC)

11              Plaintiff,

12        v.                                FINDINGS AND RECOMMENDATIONS,
                                            RECOMMENDING THAT PLAINTIFF BE
                                            REQUIRED TO PAY THE FILING FEE IN
13   GAVIN NEWSOM, *et al.*,                FULL IF HE WANTS TO PROCEED WITH
                                            THIS ACTION
14              Defendants.
                                            OBJECTIONS, IF ANY, DUE WITHIN
15                                          THIRTY DAYS

16        Plaintiff, an inmate proceeding *pro se*, has filed a civil rights action pursuant to 42 U.S.C.

17   § 1983. This case was transferred from the Northern District of California, where Plaintiff filed a

18   declaration in support of the application to proceed *in forma pauperis* (ECF No. 3), but not the

19   application itself. It appears, however, that ordering Plaintiff to file the application would be

20   futile, because Plaintiff is a "three-striker" within the meaning of Title 28 U.S.C. § 1915(g). *See*

21   *Kelly v. Jones, et al.*, 2:24-cv-2462-KJM-JDP (E.D. Cal. Dec. 3, 2024) (recognizing plaintiff as a

22   "three-striker" within in the meaning of 28 U.S.C. § 1915(g)); *Kelly v. Sao*, No. 1:19-cv-00681-

23   LJO-BAM (E.D. Cal. May 19, 2019) (same); *Kelly v. Bandaru*, 2:24-cv-1161-DJC-JDP (E.D.

24   Cal. June 27, 2024) (same).

25        Because the Court concludes that Plaintiff had at least three "strikes" prior to filing this

26   action and because he was not in imminent danger of serious physical injury at the time he filed

27   it, the Court will recommend that Plaintiff be required to pay the $405 filing fee in full if he wants

28   to proceed with the action.

                                                 1

1   **I.      THREE-STRIKES PROVISION OF 28 U.S.C. § 1915(g)**

2   Pertinent here is the so called "three strikes provision" of 28 U.S.C. § 1915:

3
> In no event shall a prisoner bring a civil action . . . under this section
> if the prisoner has, on 3 or more prior occasions, while incarcerated
4   > or detained in any facility, brought an action or appeal in a court of
> the United States that was dismissed on the grounds that it is
5   > frivolous, malicious, or fails to state a claim upon which relief may
> be granted, unless the prisoner is under imminent danger of serious
6   > physical injury.

7   28 U.S.C. § 1915(g). In determining whether a dismissal counts as a "strike" under § 1915(g),

8   "the reviewing court looks to the dismissing court's action and the reasons underlying it. . . . This

9   means that the procedural mechanism or Rule by which the dismissal is accomplished, while

10  informative, is not dispositive." *Knapp v. Hogan*, 738 F.3d 1106, 1109 (9th Cir. 2013) (internal

11  citation omitted). The Ninth Circuit has "interpreted the final form of dismissal under the statute,

12  'fail[ure] to state a claim upon which relief may be granted,' to be essentially synonymous with a

13  Federal Rule of Civil Procedure 12(b)(6) dismissal." *Id.* (alteration in original).

14          In addition, the Ninth Circuit has held that failure to file an amended complaint did "not

15  negate the determination already made by the court that the complaint that [plaintiff] had filed . . .

16  failed to state a claim," and therefore, counted as a "strike" under § 1915(g). *See Harris v.

17  Mangum*, 863 F.3d 1133, 1142 (9th Cir. 2017); *see also id.* at 1143 ("A prisoner may not avoid

    incurring strikes simply by declining to take advantage of [an] opportunity to amend.").

18  **II.     ANALYSIS**

19          **A.      Strikes**

20          Plaintiff filed this action on February 3, 2025. (ECF No. 1). The Court takes judicial

21  notice[1] of the following four cases, each of which counts as a "strike": (1) *Kelly v. Youngblood*,

22  No. 2:04-cv-2462-WBS-DAD (E.D. Cal. Dec. 29, 2004) (dismissed for failure to exhaust

23  administrative remedies clear from the face of complaint);[2] (2) *Kelly v. Gyorkey*, No. 2:11- cv-

24
---
25          [1] "In particular, a court may take judicial notice of its own records in other cases . . . ." *United
    States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).

26          [2] *See El-Shaddai v. Zamora*, 833 F.3d 1036, 1044 (9th Cir. 2016) (Holding that a dismissal for
    failure to exhaust administrative remedies counts as a strike dismissal under § 1915(g) if the failure to
27  exhaust is clear from the face of the complaint); *Kelly v. Elit*, No. 1:18-cv-00019-DAD-SAB, 2018 WL
    1905667, at *2 (E.D. Cal. Apr. 23, 2018) ("[I]f a case is dismissed because the failure to exhaust was clear
    on the face of the complaint, and no outside evidence was considered in reaching that determination, the
28  dismissal would count as a strike.").

1   2142-WBS-EFB (E.D. Cal. Aug. 6, 2012) (dismissed for failure to state a claim); (3) *Kelly v. Elit*,

2   No. 1:18-cv-0019-DAD-SAB (E.D. Cal. June 25, 2018) (dismissed for failure to state a claim);

3   (4) *Kelly v. Islam*, No. 1:18-cv-0018-DAD-JDP (E.D. Cal. Dec. 4, 2018) (dismissed for failure to

4   prosecute, following a screening order dismissing complaint for failure to state a claim).

5         In addition, this Court on several prior occasions has held that Plaintiff is a three-striker,

6   has denied IFP, and required him to pay the full filing fee in order to proceed. *See, e.g.*, *Kelly v.*

7   *Jones, et al.*, 2:24-cv-2462-KJM-JDP (E.D. Cal. Dec. 3, 2024); *Kelly v. Sao*, No. 1:19-cv-00681-

8   LJO-BAM (E.D. Cal. May 19, 2019); *Kelly v. Bandaru*, 2:24-cv-1161-DJC-JDP (E.D. Cal. June

9   27, 2024).

10                    **B.      Imminent Danger**

11        Because Plaintiff had at least three "strikes" prior to filing this action, Plaintiff is

12   precluded from proceeding *in forma pauperis* unless Plaintiff was, at the time the complaint was

13   filed, in imminent danger of serious physical injury. The availability of the imminent danger

14   exception "turns on the conditions a prisoner faced at the time the complaint was filed, not at

15   some earlier or later time." *Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007).

16   "Imminent danger of serious physical injury must be a real, present threat, not merely speculative

17   or hypothetical." *Blackman v. Mjening*, No. 1:16-CV-01421-LJO-GSA (PC), 2016 WL 5815905,

     at *1 (E.D. Cal. Oct. 4, 2016).

18        To meet his burden under § 1915(g), Plaintiff must provide "specific fact allegations of

19   ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent

20   serious physical injury." *Martin v. Shelton,* 319 F.3d 1048, 1050 (8th Cir. 2003). "[V]ague and

21   utterly conclusory assertions" of imminent danger are insufficient. *White v. Colorado,* 157 F.3d

22   1226, 1231–32 (10th Cir. 1998). The "imminent danger" exception is available "for genuine

23   emergencies," where "time is pressing" and "a threat . . . is real and proximate." *Lewis v.*

24   *Sullivan,* 279 F.3d 526, 531 (7th Cir. 2002).

25        Additionally, there is a nexus requirement between the danger alleged and the claims

26   asserted: "Thus, in order to qualify for the § 1915(g) imminent danger exception, a three-strikes

27   prisoner must allege imminent danger of serious physical injury that is both fairly traceable to

28   unlawful conduct alleged in his complaint and redressable by the court." *Ray v. Lara*, 31 F.4th

                                              3

1    692, 701 (9th Cir. 2022). Because Plaintiff is *pro se*, in making the imminent danger

2    determination, the Court must liberally construe Plaintiff's allegations. *Andrews*, 493 F.3d at

3    1055.

4          Plaintiff sues a doctor at Kern Valley State Prison (KVSP), as well as several other

5    doctors at California State Prison-Sacramento. (ECF No. 1 at 3). His complaint alleges that

6    Plaintiff has degenerative disc disease and other health ailments. (*Id.* at 4). As Plaintiff moves

7    around different prisons, doctors take away Plaintiff's wheelchair, or walker, or cane. (*Id.*) Just

8    recently, on December 27, 2025, a doctor took his cane away, and Plaintiff fell and hurt his

9    thumb. (*Id.* at 4–5). The cane was given back on January 2, 2025. (*Id.* at 5). Plaintiff contends that

10   these doctor defendants put his life in danger by denying him medical help and taking away

11   equipment. (*Id.* at 6). Plaintiff is on a blood thinner medication and if he falls and hits his head

12   because he doesn't have the right medical equipment, he could have a stroke. (*Id.*)

13         Such allegations are insufficient to show that there is a real and imminent threat to

14   Plaintiff's personal safety under the standards described above. It appears that Plaintiff was given

15   his cane back at the time complaint was filed, which was about a month later. Thus, Plaintiff

16   alleges only generalized fear that his medical equipment will be taken away next time he is

17   transferred to another prison, and his risk of falling will increase. However, the availability of the

18   imminent danger exception "turns on the conditions a prisoner faced at the time the complaint

19   was filed, not at some earlier or later time." *Andrews*, 493 F.3d at 1053, 1056; *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003).

20         The Court finds that Plaintiff has failed to demonstrate that he was in imminent danger of

21   physical injury when he filed the complaint.

22         Because Plaintiff is a "three-striker" and does not appear to have been in imminent danger

23   when he filed this action, the Court will recommend that Plaintiff be required to pay the $405

24   filing fee in full if he wants to proceed with the action.

25   **III.    CONCLUSION, ORDER, AND RECOMMENDATIONS**

26         The Court finds that under § 1915(g) Plaintiff may not proceed *in forma pauperis* in this

27   action.

28         Accordingly, **IT IS RECOMMENDED** that:

1    1. Pursuant to 28 U.S.C. § 1915(g), Plaintiff be directed to pay the $405.00 filing fee in

2         full if he wants to proceed with this action.

3    2. Plaintiff be advised that failure to pay the filing fee in full will result in the dismissal

4         of this case.

5         These findings and recommendations will be submitted to the United States District Judge

6    assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty days

7    after being served with these findings and recommendations, Plaintiff may file written objections

8    with the Court. The document should be captioned "Objections to Magistrate Judge's Findings

9    and Recommendations." Any objections shall be limited to no more than 15 pages, including

10   exhibits. Plaintiff is advised that failure to file objections within the specified time may result in

11   the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014)

12   (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

13   IT IS SO ORDERED.

14
      Dated:   **February 18, 2025**                    /s/ *Erica P. Grosjean*

15                                                       UNITED STATES MAGISTRATE JUDGE

16

17

18

19

20

21

22

23

24

25

26

27

28